CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 3 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRIGNIA
ROANOKE DIVISION

| | |
|---|---|
| NYRON NICHOLS, | |
| Petitioner, | Case No. 7:10CV00033 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | By: Hon. Glen E. Conrad |
| Respondent. | United States District Judge |

Petitioner Nyron Nichols, a federal inmate proceeding pro se, brings this action as a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361. In his petition, Nichols seeks to compel the Assistant United States Attorney (AUSA) who prosecuted the case against Nichols to turn over material to which he is entitled under Brady v. Maryland, 373 U.S. 83 (1963). Upon review of the record, the court must dismiss the petition for a writ of mandamus.

A January 3, 2007 multi-count indictment charged Nichols with conspiracy to distribute cocaine base and cocaine powder, five counts of distribution, and firearms offenses. See Case No. 7:07CR00006. At trial in December of 2007, Nichols was convicted on all counts except one of the firearms offenses. Nichols' appeal of the criminal judgment is pending before the United States Court of Appeals for the Fourth Circuit.

Mandamus under § 1361 is a drastic remedy and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Absent these showings, the district court may not grant mandamus relief.

The record reveals that petitioner still possesses several remedies which he has not fully pursued. As noted above, Nichols has a direct appeal pending. If his appeal is successful, he may seek to obtain the same material during any additional proceedings that may ensue. If his appeal is unsuccessful, he can file a petition pursuant to 28 U.S.C. § 2255, and may seek

discovery in the context of such a proceeding. Thus, this petition must be dismissed as mandamus is not Nichols' only remedy.

Because Nichols has other adequate means by which to pursue his overall goal of challenging the validity of his conviction, he cannot demonstrate that the extraordinary relief he seeks here is warranted. Accordingly, his petition for a writ of mandamus shall be, and it hereby is, dismissed without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of February, 2010.

_____
United States District Judge